CHAJNACKI *v.* WAYNE CIRCUIT JUDGE.

EXCEPTIONS, BILL OF—EXTENSION OF TIME—MANDAMUS.

> Where, in action brought in behalf of infant, after verdict had been directed against him, and stenographer's certificate had been filed and extension of time granted in which to settle bill of exceptions, substitution of attorneys was forced upon plaintiff, his motion for additional time should have been granted, especially where total time allowed subsequent to judgment was only 40 days, and there was no meritorious showing in opposition to said motion.

Mandamus by Anthony Chajnacki, an infant, by next friend, to compel Lester S. Moll, Wayne circuit judge, to grant additional time within which to settle a bill of exceptions. Submitted October 7, 1930. (Calendar No. 35,146.) Writ granted December 2, 1930.

*Walter M. Nelson,* for plaintiff.

*Frederick J. Ward,* for defendant.

NORTH, J. This is an application for mandamus to compel the giving of additional time within which to settle a bill of exceptions. The pertinent facts are as follows: Plaintiff brought suit for personal injuries, and verdict was directed against him January 17, 1930. Three days later the stenographer's certificate was filed and an extension of time granted within which to move for a new trial, settle a bill of exceptions, etc. Judgment was not entered on the verdict until March 12th. March 28th, plaintiff's present counsel was substituted in the place of former counsel, and on the following day he obtained

an order extending the time within which to settle
a bill of exceptions to and including April 21, 1930.
Three days after this time expired plaintiff's attor-
ney moved the court for a further extension of time.
Owing to inability to secure an earlier hearing be-
fore the trial judge, this motion was not argued
until May 6th. Respondent denied plaintiff's motion.
The reason for this denial, as stated in the
return to the order to show cause, is as follows:

"Respondent denied the relator's application for
an extension of time in which to make and settle
his bill of exceptions because of the fact that the
relator or his attorney had not proceeded with due
diligence, in an attempt to get this bill of excep-
tions perfected. The case only took one day to try.
There were very few witnesses there. The testi-
mony was very short and had the relator or his at-
torneys used due diligence they could have had the
bill of exceptions prepared and settled within the
time already granted. That the relator or his at-
torney did not show by affidavit or otherwise suffi-
cient reason why the bill of exceptions had not been
prepared and why there was such a delay in prepar-
ing the bill of exceptions."

It also appears from the return that at the hear-
ing of the motion for further time plaintiff's attor-
ney stated to the court that he believed the bill of
exceptions had been typewritten but had not been
corrected; and that the attorney asked for further
time within which to make an additional showing in
support of his motion and within which to produce
the typewritten bill of exceptions. This request in
behalf of plaintiff was denied.

While the showing in support of plaintiff's motion
is not as specific and convincing as might be desired,
it was not met by a counter showing. It was to the
effect that plaintiff's attorney "is daily engaged in

court in the trial of causes and has been unable to prepare the bill of exceptions herein,'' that this had been true since the first of February, 1930, and that the personal attention of the attorney was necessary in settling the bill of exceptions.

As noted above, judgment was not entered in this case until March 12, 1930; a substitution of attorneys followed 16 days later, and on March 29th an extension of an additional 23 days within which to settle a bill of exceptions was granted. Thus the total time allowed subsequent to judgment was only 40 days. Present counsel was in the case only the latter 24 days of this period. He had been in the case on the day the motion was denied 42 days, and the judgment as noted had been entered 55 days prior to the denial of the motion. This suit was brought in behalf of an infant; a substitution of attorneys was forced upon him by circumstances beyond his control; in the interim his present counsel had been continuously engaged in the trial of cases; the time after the rendition of judgment was comparatively short, and there was no meritorious showing made in opposition to plaintiff's motion. We think the trial judge should have granted additional time. Under somewhat similar circumstances we said in *Crombez* v. *Liogre*, 249 Mich. 506: ''Had defendants brought mandamus this court probably would have issued an order directing the trial court to sign the order'' for an extension of time.

The order denying plaintiff's application should be set aside and at least 30 days' additional time within which to settle the bill of exceptions granted. If necessary, a writ of mandamus will issue accordingly. No costs will be awarded.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.